IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MARQUEL JERMON SCOTT, #1908010 | § | |
| VS. | § | CIVIL ACTION NO. 6:17cv605 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OF DISMISSAL

Petitioner Marquel Jermon Scott, an inmate confined in the Texas prison system, proceeding *pro se*, filed the above-styled and numbered petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation (Dkt. #12) concluding that the petition should be dismissed as time-barred in light of the one-year statute of limitations. Mr. Scott has filed objections (Dkt. #22). After conducting a *de novo* review of the record, the pleadings, and the paper on file, the court finds that the petition is time-barred.

### Facts of the Case

Mr. Scott is challenging his Smith County conviction for the offense of Murder. His conviction was affirmed. *Scott v. State*, No. 12-14-00011-CR, 2015 WL 1957683 (Tex. App. - Tyler April 30, 2015, pet. ref'd). The Texas Court of Criminal Appeals refused his petition for discretionary review on November 4, 2015. He did not file a petition for a writ of certiorari.

1

Mr. Scott states that he filed an application for a writ of habeas corpus in state court on November 9, 2016. The Texas Court of Criminal Appeals denied the application without written order on June 14, 2017.

The present petition was filed on October 23, 2017. Mr. Scott states that he placed the petition in the prison mailing system on October 11, 2017. The petition is deemed filed on October 11, 2017, pursuant to the federal "mailbox rule." *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). The petition contains the following grounds for relief:

1. Constitutional violation of the Sixth, Fourteenth, and Eighth Amendments; and
2. Ineffective assistance of counsel.

The Director has not been ordered to file a response.

Discussion

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. The law made several changes to the federal habeas corpus statutes, including the addition of a one year statute of limitations. 28 U.S.C. § 2244(d)(1). AEPDA provides that the one year limitations period shall run from the latest of four possible situations. Section 2244(d)(1)(A) specifies that the limitations period shall run from the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review. Section 2244(d)(1)(B) specifies that the limitations period shall run from the date an impediment to filing created by the State is removed. Section 2244(d)(1)(C) specifies that the limitations period shall run from the date in which a constitutional right has been initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

Section 2244(d)(1)(D) states that the limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Section 2244(d)(2) also provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.

In the present case, Mr. Scott is challenging his conviction. The appropriate limitations provision is § 2244(d)(1)(A), which states that the statute of limitations started running when the conviction became final. The Texas Court of Criminal Appeals refused his petition for discretionary review on November 4, 2015. Mr. Scott did not file a petition for a writ of certiorari. In interpreting § 2244(d)(1)(A) in light of Supreme Court rules, the Fifth Circuit concluded that a state conviction "becomes final upon direct review, which occurs upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari." *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). Under Rule 13.1 of the Supreme Court Rules, the Petitioner had ninety days from the refusal of his petition for discretionary review to file a petition for a writ of certiorari. *See also Caspari v. Bohlen*, 510 U.S. 383, 390 (1994). The Fifth Circuit has thus held that a conviction is final for purposes of habeas corpus review ninety days after the Texas Court of Criminal Appeals denies a petition for discretionary review and the defendant does not seek review in the United States Supreme Court. *Foreman v. Dretke*, 383 F.3d 336, 340 (5th Cir. 2004). The Texas Court of Criminal Appeals refused his petition for discretionary review on November 4, 2015. The conviction became final ninety days later on February 2, 2016. The present petition

was due no later than February 2, 2017, in the absence of tolling provisions. It was not filed until October 11, 2017.

The provisions of 28 U.S.C. § 2244(d)(2) provide that the time during which a properly filed application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation. Mr. Scott filed an application for a writ of habeas corpus in state court on November 9, 2016. It was denied on June 14, 2017. The application was pending for 218 days; thus, the deadline of February 2, 2017 was tolled by 218 days to September 8, 2017. The present petition was not filed, however, until more than a month later on October 11, 2017. Mr. Scott has not shown that any other statutory tolling provisions apply.

In response to the order giving him the opportunity to explain why the petition should not be dismissed as time-barred, Mr. Scott discusses the law regarding the statute of limitations. He did not, however, show that his petition is not time-barred. He did not show that any other statutory tolling provisions apply or that his petition is saved by principles of equitable tolling.

In his objections, Mr. Scott discusses the "mailbox rule." The Magistrate Judge's discussion addresses and gives him credit for both the State and federal mailbox rules. Mr. Scott has not shown that he is entitled to additional credit pursuant to the mailbox rules. Mr. Scott's objections do not show that the Report and Recommendation was erroneous in any respect.

In conclusion, the petition for a writ of habeas corpus should be dismissed as time-barred.

The Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Mr. Scott to the Report, the court is of

the opinion that the findings and conclusions of the Magistrate Judge are correct, and Mr. Scott's objections are without merit. Therefore, the court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions not previously ruled on are **DENIED**.

**So Ordered and Signed**
**Apr 2, 2018**

_____
Ron Clark, United States District Judge